UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Tristano Korlou and Gloria Korlou,<br><br>    Plaintiffs,<br> v.<br><br>GC Services, L.P.; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.:  3:15-cv-01720<br><br>COMPLAINT<br><br>November 22, 2015 |

For this Complaint, Plaintiffs, Tristano Korlou and Gloria Korlou, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiffs, Tristano Korlou and Gloria Korlou ("Tristano" and "Gloria", together referred to as "Plaintiffs"), are individuals residing in Farmington, Connecticut, and are "consumer[s]" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant GC Services, L.P. ("GC"), is a Texas business entity with an address of 6330 Gulfton Street, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §

1692a(6).

5.  Does 1-10 (the "Collectors") are individual collectors employed by GC and whose identities are currently unknown to Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.  GC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. <u>The Debt</u>

7.  Tristano allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.  The Debt was purchased, assigned or transferred to GC for collection, or GC was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>GC Engages in Harassment and Abusive Tactics</u>

11. On January 6, 2015, GC called Tristano and left a voicemail message.

12. That same day, Gloria, Tristano's daughter, returned the call to GC in order to inform them of Tristano's financial situation. Gloria told GC that Tristano was on medical leave and requested that GC stop calling.

13. In response, the GC collector began yelling at Gloria and told her that she was "uneducated" and needed to "grow up."

14.     The collector then asked if Tristano was available to discuss the Debt.  When Gloria responded that he was on medical leave and could not take the call, the collector said: "I don't care, your father has a debt to pay!  He owes Sallie Mae!"

15.     The collector yelled so loudly at Gloria that Tristano could hear it from across the room.

C. <u>Plaintiffs Suffered Actual Damages</u>

16.     Plaintiffs have suffered and continue to suffer actual damages as a result of Defendants' unlawful conduct.

17.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

<u>COUNT I</u>
<u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*</u>

18.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants disclosed details regarding the Debt to Gloria without knowing if it had Tristano's consent to do so.

20.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with collection of the Debt.

21.     Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used abusive language when speaking with Gloria.

22. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

23. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

24. Plaintiffs are entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 22, 2015

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff